**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TERESA JACOBSEN, | CIVIL ACTION    1:15-cv-10613 |
|    Plaintiff, | |
| v. | COMPLAINT |
| COMENITY BANK | |
|    Defendant. | JURY TRIAL DEMANDED |

COMPLAINT

NOW COMES the Plaintiff, TERESA JACOBSEN ("Plaintiff") by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, COMENITY BANK ("Comenity") as follows:

NATURE OF THE ACTION

1.  Plaintiff brings this action seeking actual, statutory, punitive damages, attorney's fees and costs for Defendants' violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq, and violations of the automatic stay pursuant to 11 U.S.C. §362.

JURISDICTION AND VENUE

2.  Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in this District and Defendant's conduct harmed Plaintiff in this District.

**PARTIES**

4. Plaintiff, Teresa Jacobsen, is a consumer and natural person over 18 years of age who, at all times relevant, resided in the Northern District of Illinois.

5. Defendant Comenity is a Delaware banking institution with its headquarters located in Wilmington, Delaware. Comenity transacts business in Illinois.

**BANKRUPTCY CASE**

6. On or about July 1, 2012, Plaintiff opened a charge account at Carson's department store for personal use ("subject debt").

7. The subject debt was serviced by Comenity.

8. Plaintiff subsequently defaulted on the subject debt.

9. On May 15, 2015, Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 15-17336 ("bankruptcy").

10. Schedule F of the bankruptcy petition listed the subject loan, an unsecured pre-petition debt to Comenity, in the amount of $4,452.00. *See* Exhibit A, a true and correct copy of Schedule F filed in Plaintiff's bankruptcy case.

11. On May 19, 2015, because Plaintiff listed Comenity as a creditor, the Bankruptcy Noticing Center ("BNC") served Comenity with notice of Plaintiff's bankruptcy filing. *See* Exhibit B, a true and correct copy of the BNC Certificate of Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines establishing service of the notice of filing on Comenity.

12. On June 30, 2015, the 341 Meeting of Creditors was held with the Chapter 13 Trustee. No representative or attorney from Comenity appeared at the 341 Meeting of Creditors.

2

13. Pursuant to 11 U.S.C. §362, the automatic stay prohibits any acts to collect upon the subject debt by Comenity or any other party.

### COMENITY'S COLLECTION CALLS TO PLAINTIFF'S CELLULAR PHONE

14. Comenity called Plaintiff's cellular phone on at least 10 occasions including, but not limited to, the following dates and times:[1]

i.   May 22, 2015 at 8:43 p.m., from telephone number (913)-577-5000;

ii.  May 22, 2015 at 10:22 a.m., from telephone number (614)-212-5292;

iii. May 22, 2015 at 11:01 a.m., from telephone number (614)-212-5288;

iv.  May 22, 2015 at 11:58 a.m., from telephone number (614)-212-5292;

v.   May 22, 2105 at 4:23 p.m., from telephone number (614)-212-5288;

vi.  May 22, 2015 at 6:22 p.m., from telephone number (614)-212-5288;

vii. May 25, 2015 at 8:12 a.m. from telephone number (614)-754-4058;

viii.May 25, 2015 at 11:22 a.m., from telephone number (614)-754-4058;

ix.  May 26, 2015 at 8:15 a.m., from telephone number (614)-754-4058; and

x.   May 27, 2015 at 5:17 p.m., from telephone number (614)-212-5292.

15. Plaintiff revoked consent to be contacted by Comenity by virtue of the bankruptcy filing.

16. Plaintiff also orally revoked consent to be contacted on her cellular phone by Comenity during one of the aforementioned calls.

17. On May 29, 2015, Comenity sent Plaintiff a letter offering to settle the subject debt by 25%. *See* Exhibit C, a true and correct copy of the May 29, 2015 letter Comenity sent to Plaintiff.

18. The May 29, 2015 letter from Comenity stated:

> Your Carson's credit card account is now four payments past due. To help get your account out of delinquency, we are willing to reduce your full balance to a

---

[1] The list of calls is only the minimum number of times Plaintiff was unlawfully called on her cellular phone. Plaintiff's investigation continues in this regard.

smaller amount...This communication is an attempt to collect a debt and any information obtained will be used for that purpose." *Id.*

19. Concerned about these violations of her rights and protections, Plaintiff again sought the assistance of counsel to ensure that Comenity's collection efforts cease.

20. Plaintiff has expended time and expense consulting with her attorneys as a result of Comenity's deceptive collection actions.

21. Plaintiff was unduly inconvenienced and harassed by Comenity's unlawful attempts to collect a debt that could not legally be collected.

## COUNT I – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

23. The TCPA prohibits calling persons on their cell phone using an automatic telephone dialing system ("ATDS"). 47 U.S.C. §227(b)(1)(iii). The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

24. Comenity violated the TCPA by placing multiple calls to Plaintiff's cellular phone using ATDS without Plaintiff's prior consent. Any prior consent was revoked by virtue of the bankruptcy filing, the automatic stay, and Plaintiff's verbal demand to Comenity to stop the calls.

25. Comenity repeatedly called Plaintiff's cellular phone while she was at her place of employment leaving at least one voicemail message.

26. Pursuant to 47 U.S.C. §227(b)(3)(B), Comenity is liable to Plaintiff for at least $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Comenity's willful and intentional

violation of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff, TERESA JACOBSEN, requests that this Honorable Court:

**a.** Declare Comenity's conduct to be a violation of the TCPA;

**b.** Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. §227(b)(3)(B)&(C);

**c.** Award Plaintiff reasonable attorney fees and costs; and

**d.** Award any other relief this Honorable Court deems equitable and just.

### COUNT II – VIOLATION OF THE ILLINOIS CONSUMER FRAUD ACT

27.    Plaintiff restates and reallages paragraphs 1 through 21 as through fully set forth herein.

28.    Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1(c).

29.    Plaintiff is a "consumer" as defined in ICFA, 815 ILCS 505/1(e).

30.    The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. " 815 ILCS 505/2.

**a. Unfairness**

31.    Comenity was engaged in "commerce" in the State of Illinois with regard to Plaintiff, the subject debt as defined by ICFA, 815 ILCS 505/1(f). Comenity specializes in lending, servicing, and debt collection, which are activities within the stream of commerce and utilized in their regular course of business.

5

32.    It was unfair for Comenity to seek to collect the subject debt from Plaintiff through constant phone calls to Plaintiff's cellular phone.

33.    It was also unfair for Comenity to seek to collect the subject debt from Plaintiff through the letter it sent offering a settlement figure.

**b. Deception**

34.    Comenity deceived Plaintiff into believing that the subject debt was collectible when in fact it was not by virtue of the automatic stay.

35.    By repeatedly calling Plaintiff's cellular phone and sending her a settlement offer, Comenity intended to deceive Plaintiff and give her the false impression that the subject debt was collectible.

36.    Comenity continued to deceive Plaintiff although it received actual notice of the bankruptcy through the BNC and while it knew that the subject debt was no longer collectible.

37.    Comenity intended to harass Plaintiff into submission through the settlement letter and the repeated calls to her cellular phone at all hours of the day, notwithstanding the bankruptcy filing and the automatic stay.

38.    Plaintiff also relied upon Comenity's harassment, forcing her to spend time consulting with her attorneys regarding the effect of her bankruptcy.

39.    Comenity bullied Plaintiff, who is an unsophisticated consumer, into submission via perpetual unfair and deceptive conduct through harassment.

40.    An award of punitive damages is appropriate because Comenity's conduct described above was outrageous, willful and wanton, showed a reckless disregard for Plaintiff's rights and the rights of consumers, generally.

WHEREFORE, Plaintiff TERESA JACOBSEN requests that this Honorable Court:

**a.** Enter judgment in her favor and against Comenity;

**b.** Award Plaintiff damages in an amount to be determined at trial;

**c.** Award Plaintiff punitive damages in an amount to be determined at trial;

**d.** Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

**e.** Award any other relief this Honorable Court deems equitable and just.

### COUNT III- VIOLATION OF THE AUTOMATIC STAY

41.  Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

**a.** Section **11 U.S.C. §362(a)(6)**

42.  Pursuant to 11 U.S.C. §362(a)(6), the automatic stay prohibits " any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."

43.  The principal purpose of the Bankruptcy Code is to grant a 'fresh start' to the 'honest but unfortunate debtor." _Marrama v. Citizens Bank of Mass.,_ 549 U.S. 365, 367, 127 S.Ct. 1105, 1107, 166 L.Ed.2d 956 (2007).

44.  "The automatic stay invoked by the filing of a bankruptcy petition protects a debtor from creditors' attempts to collect pre-petition debts. The automatic stay is designed to give debtors breathing space so that they may reorder their affairs." _In re Robinson_, 228 B.R. 75, 80. (Bankr.E.D.N.Y.1998).

45.  "As one of the fundamental debtor protections provided by bankruptcy laws, the automatic stay is intended to stop virtually all debt collection efforts, including efforts to take possession of collateral." _In re Bishop_, 296 B.R. 890, 894 (Bankr.S.D.Ga.2003).

46. An individual seeking damages under Section 362(h) [amended to 362(k)(1) by BAPCPA] has the burden of establishing three elements by a preponderance of the evidence: (1) that the action taken was in violation of the automatic stay; (2) that the action was willful; and (3) that the violation caused actual damages. *In re Frankel*, 391 B.R. 266, 271 (Bankr.M.D.Penn.2008).

47. A violation of the stay is "willful" when a creditor with knowledge that a bankruptcy petition has been filed commits an intentional act that violates the stay. *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314 (3rd Cir. 2003).

48. An individual who has been injured by any willful violation of the automatic stay provisions shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages. 11 U.S.C. §362(k)(1).

**b. Placing calls to Plaintiff's cellular phone and sending the settlement letter for collection of the subject debt**

49. Notwithstanding having actual notice of the automatic stay, Comenity continued to engage in collection efforts in reference to the subject debt.

50. Comenity placed at least 10 calls to Plaintiff's cellular phone demanding payment on the subject debt, in direct violation of the automatic stay.

51. Comenity also sent a letter offering to reduce the principal balance of the subject debt in order to collect the uncollectable subject debt.

**c. Comenity's conduct was perpetual, willful, and wanton**

52. Comenity had actual knowledge of the bankruptcy filing and the automatic stay through service from the BNC.

53.     Despite having actual knowledge of the automatic stay, Comenity committed multiple egregious violations of the automatic stay by failing to cease collection efforts as evidenced by the calls placed to Plaintiff's cellular phone and by the settlement letter.

54.     Based on the broad language of the Bankruptcy Code, Comenity willfully and perpetually sought to collect a debt from Plaintiff in violation of the automatic stay, thus warranting sanctions and punitive damages to deter future conduct of a similar nature.

55.     Plaintiff is entitled to actual damages, attorney's fees, and costs for Comenity's willful violations of the automatic stay. Plaintiff is also entitled to punitive damages for Comenity's arrogant defiance of the Bankruptcy Code and its provisions. The Court should award punitive damages to deter Comenity from future misconduct.

WHEREFORE, Plaintiff TERESA JACOBSEN requests that this Honorable Court:

**a.**  Hold Comenity in civil contempt of the Order or Discharge pursuant to 11 U.S.C. §362;

**b.**  Order Comenity to pay Plaintiff for his actual damages in an amount to be determined at trial as a result of the civil contempt of the automatic stay pursuant to 11 U.S.C. §362;

**c.**  Order Comenity to pay punitive damages in an amount to be determined at trial for the civil contempt of the automatic stay pursuant to 11 U.S.C. §362;

**d.**  Order Comenity to pay Plaintiff her reasonable legal fees and expenses for violations of the automatic stay pursuant to 11 U.S.C.; §362; and

**e.**  Provide such other and further relief as the Court may deem just and proper.

**Plaintiff demands trial by jury.**

**Dated:** November 24, 2015          **Respectfully Submitted,**

<u>**/s/ Majdi Y. Hijazin**</u>*, Of Counsel*

Majdi Y. Hijazin, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188
mhijazin@hijazinlaw.com